*704 OPINION.
Siefkin:
The first question for decision is whether petitioner is entitled to a deduction for the year 1921 for an alleged loss on bonds of the Colorado, Wyoming & Eastern Railway Co. In 1918 petitioner acquired $10,000 par value of the bonds for American Hide & Leather Co., bonds of a value of $9,825. We may assume, then, that the Colorado, Wyoming & Eastern Railway Co. bonds were of this value. Petitioner in 1919 bought a total of $15,000 par value of the same bonds for $12,250. The total cost of the bonds was, therefore, $22,075.
Section 214 (a) of the Revenue Act of 1921 provides:
That in computing net income there shall be allowed as deductions:
*******
(7) Debts ascertained to be worthless and charged off within the taxable year * * *
We have found, as a fact, based upon the facts found and upon the testimony of witnesses who were familiar with the affairs of the railroad, that these bonds were worthless in 1921 and that the petitioner ascertained them to be so in that year. Petitioner kept no books of account and, therefore, could not charge them off. The petitioner is entitled to a deduction of $22,075 for the year 1921.
The remaining question for decision relates to the profit upon the disposition of stock. The petitioner does not question the cost of the stock as determined by the respondent. On October 13, 1921, the petitioner, M. J. Corbett & Co., a partnership in which petitioner held a 34 per cent interest, and Corbett & Stuart, a corporation, all agreed in one instrument to transfer stock in the Melville-Corbett Co. to the Miner-Edgar Co. Petitioner held 200 shares, M. J. Corbett & Co. held 150 shares, and Corbett & Stuart held 150 shares. The total consideration received by the three parties consisted of $10,000 cash, three notes for $5,000 each, ten notes for $8,300 each, and a bond for $80,000 secured by a mortgage.
The petitioner, on his return, showed a profit of $54,349.40 as his profits upon the sale of his 200 shares of stock of the Melville-Corbett Co. The respondent accepted this figure as correct and also increased petitioner’s income from the partnership by $13,589.10. The petitioner now claims that the inclusion of both the $54,349.40 item and the $13,589.10 item in income was error. This claim arises from the contention of the petitioner that neither the bond for $80,000 nor the ten notes for $8,300 had a readily realizable market value at the time received. Petitioner concedes that the three notes for $5,000 each were worth their face value.
*705 Section 202 (e) of the Revenue Act of 1921 provides:
Where property is exchanged for other property which has no readily realizable market value, together with money or other property which has a readily realizable market value, then the money or the fair market value of the property having such readily realizable market value received in exchange shall be applied against and reduce the basis, provided in this section, of the property exchanged, and if in excess of such basis, shall be taxable to the extent of the excess; * * *
The petitioner testified that the ten notes for $8,300 each had very little, if any, market value. However, this is a conclusion of the witness and we can not accept it as a fact. The petitioner did not disclose his reasons for reaching such a conclusion. Nor do we believe that the petitioner has shown that the bond secured by the mortgage had no readily realizable market value. It will be observed from the contract set forth in our findings of fact that both the Melville-Corbett Co., and the Edgar-Miner Co., assume to be responsible to the petitioner and the other sellers of the stock for the payment of the bond. The Edgar-Miner Co. agreed to execute a penal bond to secure the payment.
The holding of the respondent with regard to the profit upon the sale of stock will not be disturbed.

Judgment will be entered under Rule 50.